IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:10-586-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Gregory Louis Conyers, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. The Government filed a motion for summary judgment, as Defendant had, in his plea agreement and during the Rule 11 proceeding, waived the filing of a § 2255 motion.[1] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant filed a response to the Government's motion on July 28, 2011.

Defendant's response contends that he received ineffective assistance of counsel because "at no time was [he] informed or made aware . . . of the recent amendment to the Guidelines, during or after the plea bargaining process." Resp. at 1 (Dkt. #133, filed July 28, 2011). The court construes this assertion as a claim of ineffective assistance of counsel and considers it on its merits.

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test,

---

[1] This waiver did not preclude Defendant's ability to pursue a § 2255 motion based upon ineffective assistance of counsel or prosecutorial misconduct.

1

a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990), *cert. denied*, 501 U.S. 1223 (1991). In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Id*. at 697.

Even assuming counsel was ineffective in failing to inform Defendant of the Guidelines section in question (§ 5H1.11) or in failing to move for a departure at sentencing, Defendant cannot establish prejudice. Not only did the undersigned take Defendant's military service into consideration under the factors contained in 18 U.S.C. § 3553(a), but the court also would not have granted a departure under this section because while certainly honorable, Defendant's military service was not "present to an unusual degree," U.S.S.G. § 5H1.11, so as to warrant a departure under this guidelines section.

The court has reviewed the complete record in this case. For the reasons stated above and in the Government's response regarding the merits of Defendant's claims, the court grants the Government's motion for summary judgment as to Defendant's claims for relief.

**IT IS THEREFORE ORDERED** that the Government's Motion for Summary Judgment

is **granted.** The motion under 28 U.S.C. § 2255 is *dismissed with prejudice*.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

   **IT IS SO ORDERED.**

                                        s/ Cameron McGowan Currie
                                        CAMERON MCGOWAN CURRIE
                                        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 29, 2011